UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



| | | |
|---|---|---|
| TRANSCONTINENTAL INSURANCE COMPANY | § § § | |
| vs. | § § | CIVIL ACTION NO. B-02-018 |
| VALLEY DIAGNOSTIC CLINIC, P.A. | § § | |

### COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Transcontinental Insurance Company ("Transcontinental"), files this complaint for declaratory judgment, seeking a declaratory judgment that Transcontinental has no further liability to Valley Diagnostic Clinic, P.A. ("Valley Diagnostic"), beyond what Transcontinental has paid to Valley Diagnostic for damage resulting from a fire to Valley Diagnostic's clinic that occurred on March 4, 2001. In support of this complaint, Transcontinental would show the following:

1.

Transcontinental is a citizen of the States of New York and Illinois, being an insurance company incorporated in the State of New York, and having its principal place of business in the State of Illinois.

2.

Defendant, Valley Diagnostic is a citizen of the State of Texas, who may be served through its registered agent for service of process, Joseph C. Doughery, 2200 Haine Street, Harlingen, Texas 78550.

3.

This is an action for declaratory judgment pursuant to Title 28, United States Code, § 2201 et seq, seeking determination of a question of actual controversy between the parties as hereinafter

stated. Jurisdiction of this action is based upon Title 28, United States Code § 1332(a), there being a diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.

Venue is properly placed under Title 28, United States Code § 1391.

5.

This lawsuit involves a claim for damage to Valley Diagnostic's property located at 2200 Haine Drive, Harlingen, Texas, which was damaged by water on March 4, 2001. That loss occurred when water piping in a toilet failed, causing the toilet to overflow and flood Valley Diagnostic's premises at 2200 Haine Drive, Harlingen, Texas.

6.

At the time of the March 4, 2001 water loss described above, Valley Diagnostic was insured under an insurance policy issued by Transcontinental, bearing Policy Number B1 75072906. Under that policy, equipment at the location where the water loss occurred (2200 Haine Drive, Premises No.1, Building No. 1 under the Transcontinental policy), is only insured for actual cash value. Under the Transcontinental policy, the building coverage for the insured location is insured for replacement cost value. The building coverage of the policy includes permanently installed fixtures, machinery and equipment. Valley Diagnostic contends that certain items of machinery or equipment were permanently installed, so as to be insured for replacement cost value under the building coverage. Transcontinental disputes this contention. As such, Transcontinental would seek a declaratory judgment that the items of personal property in dispute are not permanently installed, such that they would not fall under the replacement cost coverage of the building coverage of the policy.

7.

The Transcontinental policy also contained business income coverage. That coverage contained an 80% co-insurance requirement. Valley Diagnostic did not purchase a sufficient amount of business income coverage, such that it did not meet the 80% co-insurance requirement for the business income coverage. Under the co-insurance clause of the insurance contract, this meant that Valley Diagnostic only had coverage for 8.11% of its business income loss due to the March 4, 2001 water loss described above.

8.

As a large part of Valley Diagnostic's business income loss was not covered under its policy with Transcontinental, Valley Diagnostic sought to make a claim for its loss of business income under the boiler and machinery coverage of the Transcontinental policy. That coverage insures for loss of business income caused solely by an accident to covered equipment. Under the boiler and machinery coverage, the term "accident" is defined as a sudden and accidental breakdown of covered equipment or a part of the covered equipment. As defined in the boiler and machinery coverage, the term "Covered Equipment" means any mechanical or electrical machine or apparatus that generates, transmits or uses mechanical or electrical power." Further, under the boiler and machinery coverage, "Covered Equipment" does not include water piping other than boiler feed water piping, boiler condensate return piping or water piping forming a part of a refrigerating or air conditioning system."

9.

Transcontinental would seek a declaratory judgment that the piping to the toilet which failed and caused the water loss described above, does not constitute covered equipment under the provisions described above of the boiler and machinery coverage of the policy, such that Valley

Diagnostic would not have any coverage for its loss of income under its boiler and machinery coverage.

10.

Further, under the boiler and machinery coverage, loss of income must be caused solely by an accident to covered equipment. In this case, the water loss damaged Valley Diagnostic's building, which damage prevented Valley Diagnostic from operating at its location. Thus, Valley Diagnostic's loss of business income would not be caused solely by an accident to covered equipment, such that Valley Diagnostic would not have coverage for loss of income under the boiler and machinery coverage of Valley Diagnostic's insurance contract with Transcontinental. Transcontinental would seek a declaratory judgment that it has no liability under its boiler and machinery coverage for any loss of income Valley Diagnostic may have sustained due to the water loss described above.

11.

Transcontinental would show that it has made payments to Valley Diagnostic as follows: $590,435.75 on building, $225,000.00 on contents, $1,355,293.59 under Valley Diagnostic's Physicians and Surgeons Equipment Coverage, and $1,486,119.05 under Valley Diagnostic's boiler and machinery coverage. The majority of Plaintiff's claim has been paid by Transcontinental. The only remaining portions in dispute with Valley Diagnostic are the two issues described above regarding Valley Diagnostic's claim for lost income under its boiler and machinery coverage, and whether certain items of equipment are permanently attached for purposes of Valley Diagnostic's building coverage.

12.

There exists an actual controversy between Plaintiff and Defendant within the jurisdiction

of this Court involving the rights and liabilities under an insurance policy. This controversy may be determined by judgment of this Court, without other suit.

WHEREFORE, Plaintiff prays:

A. This Court determine and adjudicate the liabilities of the parties herein with respect to the policy of insurance described in this complaint;

B. This Court find and declare that Plaintiff has no further liability to Defendant beyond what Plaintiff has already paid to Defendant; and

C. That Plaintiff be awarded such other and further relief to which it may be entitled, at law or at equity.

Respectfully submitted,

*Russell J. Bowman*
Russell J. Bowman
Texas State Bar No. 02751550
3131 McKinney Avenue, Suite 730
Dallas, TX 75204
(214) 922-0220
(214) 922-0225 (FAX)

ATTORNEY FOR PLAINTIFF

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

SOUTHERN _____ DISTRICT OF __TEXAS__

TRANSCONTINENTAL
INSURANCE COMPANY

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER: **B-02-018**

VALLEY DIAGNOSTIC CLINIC, P.A.

TO: (Name and address of defendant)

Valley Diagnostic Clinic, P.A.
through its registered agent for service of process
Joseph C. Doughery
2200 Haine Street
Harlingen, Texas 78550

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Russell J. Bowman
3131 McKinney Avenue
Suite 730
Dallas, TX 75204

an answer to the complaint which is herewith served upon you, within __20__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk                             Feb. 1, 2002

CLERK                                               DATE

(BY) DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 2 6 2002

Michael N. Milby
Clerk of Court

| LUIS ALEJANDRO GARZA | * | MISCELLANEOUS |
| --- | --- | --- |
| | * | |
| | * | B - 0 2 - 0 1 8 |
| VS. | * | |
| | * | CIVIL ACTION NO._____ |
| | * | FEDERAL TORT CLAIMS ACT |
| THE UNITED STATES OF AMERICA | * | |
| | * | CIVIL ACTION |
| | * | B - 0 2 - 1 5 4 |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, LUIS ALEJANDRO GARZA, Plaintiff, complaining of THE UNITED STATES OF AMERICA, Defendant, and for cause of action would respectfully show as follows:

1.

This suit is brought under the Federal Torts Claims Act, 28 U.S.C. section 2671 et. seq., allegedly that the negligence of employees of the Bureau of Prisons was a proximate cause of severe personal injuries suffered by Plaintiff.

2.

### *PARTIES*

Plaintiff, Luis Alejandro Garza, is a resident of Brownsville, Cameron County, Texas.

3.

## JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. section 1346 (b) (1) as this is a civil action for money damages against the United States of America.

4.

## VENUE

Venue is appropriate in this court pursuant to 28 U.S.C. section 1402 (b) as this is a civil action on a tort claim against the United States in which the Plaintiff resides within this district and division.

5.

## PREREQUISITES TO SUIT

Pursuant to 28 U.S.C. section 2675 Plaintiff's claim has been presented to the Bureau of Prisons within two years of the occurrence in question and not more than six months has passed since the express denial of Plaintiff's claim by correspondence from the Bureau of Prisons dated March 4, 2002.

6.

## FACTS

On or about February 6, 2001, Plaintiff, a prisoner of Defendant's Three Rivers Correctional Facility at Three Rivers, Texas was brutally attacked and severely beaten by multiple inmates. Defendant was negligent by failing to use ordinary diligence to keep its prisoners safe and free from harm. 18 U.S.C. 4042. Defendant's negligence was a proximate cause of serious and permanent injuries suffered by plaintiff.

7.

As a proximate result of Defendant's negligence, Plaintiff has suffered severe physical pain and mental anguish in the past and, in reasonable probability, will suffer pain and mental anguish for the rest of his life.

8.

As a further proximate result of Defendant's negligence, Plaintiff has suffered a loss of earnings in the past and, in reasonable medical probability, will suffer a loss of earning capacity in the future.

9.

As a further proximate result of Defendant's negligence, Plaintiff has suffered disfigurement in the past and, in reasonable medical probability, will suffer disfigurement for the rest of his life.

10.

As a further proximate result of Defendant's negligence, Plaintiff has suffered physical impairment and loss of enjoyment in life and, in reasonable medical probability, will suffer physical impairment and loss of enjoyment of life in the future.

11.

## PRAYER

WHEREFORE, Plaintiff prays that the Defendant be summoned to answer and appear and that upon final hearing that he recover judgment against the Defendant in the sum of $500,000.00, costs of court, pre and post judgment interest, and such further relief to which he may be justly entitled.

Respectfully submitted,

*[signature]*

Barry R. Benton
284 Ebony Avenue
Brownsville, Texas  78520
Telephone (956) 546-9900
Facsimile (956) 546-9997
State Bar No. 02176500
Federal I.D. No. 3968
ATTORNEY IN CHARGE FOR
PLAINTIFF